# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTOINETTE MARZORATI AND<br>LAWRENCE MARZORATI, | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | **Case No. 16-CV-2161 RDM** |
| | * | |
| MEDSTAR-GEORGETOWN MEDICAL<br>CENTER, INC., D/B/A GEORGETOWN<br>UNIVERSITY HOSPITAL, et al., | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

The Defendants, Ivica Ducic, M.D., MedStar-Georgetown Medical Center, Inc., d/b/a MedStar-Georgetown University Hospital, and MedStar Health, Inc., by and through counsel, Larry A. Ceppos, Esquire, Jeremy R. Krum, Esquire, and the law firm of Armstrong, Donohue, Ceppos, Vaughan & Rhoades, Chartered, pursuant to D.C. Code § 12-301(8), and in accordance with Fed. R. Civ. P. 12(b)(6) and LCvR7, hereby file this Motion to Dismiss the Plaintiffs' Complaint for failure to state a claim for which relief can be granted, as the Plaintiffs' Complaint is time-barred by the applicable statute of limitations, and as grounds in support thereof, the Defendants state as follows:

1.    This is a diversity action pursuant to 28 U.S.C. § 1332 for alleged medical negligence, negligence, and loss of consortium.

2.    The Plaintiffs' Complaint on its face is conclusively time-barred by the applicable three-year statute of limitations period pursuant to D.C. Code § 12-301(8).  As the facts that give rise to the Defendants' affirmative limitations defense are clear from the face of the Plaintiffs' Complaint, the Plaintiffs' Complaint should be dismissed with prejudice.

3.      In particular, the Plaintiffs, Antoinette Marzorati and Lawrence Marzorati, allege in their Complaint that ***over nine (9) years ago*** on January 5, 2008, the Defendant, Ivica Ducic, M.D., negligently performed Mrs. Marzorati's surgery (described in the Plaintiffs' Complaint as an occipital neurectomy) and negligently failed to obtain informed consent from Mrs. Marzorati at MedStar-Georgetown Medical Center, Inc.  *See* Plaintiffs' Complaint at ¶ 21-31.  The Plaintiffs' Complaint specifically alleges, in part, the following facts:

> (15).    Ivica Ducic told Antoinette Marzorati that the only disadvantage to performing the occipital neurectomy would be a dime-sized area of numbness behind each ear.
>
> (23).    Prior to the operation, Dr. Ducic advised Antoinette Marzorati that the operation would partially or completely relieve her persistent headache.
>
> (24).    After the surgery, Antoinette Marzorati was left with severe, untreatable, and disabling pain that has been much worse than the pain prior to the time of surgery.

*See* Plaintiffs' Complaint at ¶ 15, 23-24.

4.      As more fully detailed in the attached Memorandum of Points and Authorities, the Plaintiffs' Complaint fails to state a claim for which relief can be granted.  The law in the District of Columbia is well-established that a plaintiff's claim accrues for statute of limitations purposes when an "injury occurs."  *See* Santos v. George Washington University Hospital, 980 A.2d 1070 (2009).  If the relationship between the fact of injury and the alleged tortious conduct is obscure, a plaintiff's claim accrues when the plaintiff knew or by the exercise of reasonable diligence should have known of: (1) the injury; (2) its cause in fact; and (3) some evidence of wrongdoing.  *See* Id. at 1074; *see also* Bussineau v. Pres. & Dirs. of Georgetown Coll., 518 A.2d 423, 425 (D.C. 1986). The law in the District of Columbia is likewise well-established that a plaintiff does not have *carte blanche* to defer legal action indefinitely.  *See e.g.*, Brin v. SEW Investors, 902 A.2d 784 (2006).

2

5.      In this case, based on the stated facts as alleged in the Plaintiffs' Complaint, the Plaintiffs' claims are time-barred by the applicable three-year statute of limitations.  *See* D.C. Code § 12-301(8).  As noted above, the Plaintiffs state in their Complaint that prior to surgery on January 5, 2008, Mrs. Marzorati was specifically told by the Defendants that the _only_ disadvantage of surgery would be a small area of numbness behind each ear, and that the surgery _would_ partially or completely relieve the Plaintiff's headaches.   The Plaintiffs likewise then state in their Complaint that _after_ the surgery, the Plaintiff was left with severe, untreatable, and disabling pain that has been much worse than the pain prior to the time of surgery.   The facts as alleged in the Plaintiffs' Complaint conclusively demonstrate and unquestionably establish that following the Plaintiff's surgery, the Plaintiffs had both actual notice and inquiry notice to investigate a claim against the Defendants.   Nonetheless, the Plaintiffs failed to file their claim for over eight years following the Plaintiffs' January 5, 2008 surgery.  Accordingly, the Plaintiffs' Complaint is time-barred, and the Plaintiffs' Complaint should be dismissed with prejudice.

6.      In further support of the Defendants' Rule 12(b)(6) Motion to Dismiss, the Defendants respectfully refer the Court to the attached Memorandum of Points and Authorities.

**WHEREFORE,** for the foregoing reasons, the Defendants, Ivica Ducic, M.D., MedStar-Georgetown Medical Center, Inc., d/b/a MedStar-Georgetown University Hospital, and MedStar Health, Inc., respectfully request that this Court enter an Order dismissing the Plaintiffs' Complaint with prejudice as time-barred by the applicable statute of limitations, and the Defendants further request such additional relief as this Court deems appropriate.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS,**
 **VAUGHAN & RHOADES, CHARTERED**


  _/s/  Jeremy R. Krum_____
Larry A. Ceppos, Esquire (#361439)
lac@adclawfirm.com
Jeremy R. Krum, Esquire (#16024)
jrk@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, Maryland  20850
301-251-0440
*Counsel for Defendants, Ivica Ducic, M.D.,*
*MedStar-Georgetown Medical Center, Inc., and*
*MedStar Health, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2017, a copy of the foregoing Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, Memorandum of Points and Authorities, and Proposed Order, was electronically filed and served upon:

James C. Bailey, Esquire
Bailey & Ehrenberg, PLLC
1015 18th Street, NW, Suite 204
Washington, DC 20036
*Counsel for Plaintiffs*

Michael M. Wilson, Esquire
Michael M. Wilson & Associates
1120 19th Street, NW, Suite LL-11
Washington, DC 20036
*Counsel for Plaintiffs*


  _/s/  Jeremy R. Krum_____
Jeremy R. Krum

4