**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ANTOINETTE MARZORATI and <br> LAWRENCE MARZORATI <br> 22 Olivia Way <br> Jackson, NJ 08527 <br><br> Plaintiffs, <br><br> v. <br><br> MEDSTAR-GEORGETOWN MEDICAL <br> CENTER, INC., D/B/A GEORGETOWN <br> UNIVERSITY HOSPITAL <br> 3800 Reservoir Road NW <br> Washington, DC 20007 <br><br> and <br><br> MEDSTAR HEALTH, INC. D/B/A <br> MEDSTAR-GEORGETOWN MEDICAL <br> CENTER., INC D/B/A GEORGETOWN <br> UNIVERSITY HOSPITAL <br> CT Corporation <br> 1015 15th Street, NW, Suite 1000 <br> Washington, DC 20005 <br><br> and <br><br> IVICA DUCIC, M.D. <br> Plastic Surgery, Nerve & Headache <br> Institute <br> 7601 Lewinsville Road <br> McLean, Virginia 22102 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 16-cv-2161 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Antoinette Marzorati and Lawrence Marzorati (collectively "Plaintiffs"), by and through undersigned counsel, bring this action against defendants MedStar-Georgetown Medical

Center, Inc. d/b/a Georgetown University Hospital ("Georgetown University Hospital"), MedStar Health, Inc. d/b/a MedStar-Georgetown Medical Center, Inc., d/b/a Georgetown University Hospital ("MedStar Health"), and Ivica Ducic, M.D. ("Dr. Ducic") (collectively, "Defendants"), to recover for losses suffered as a result of Defendants' negligence that rendered Antoinette Marzorati disabled, and in support of their complaint allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants were doing business in the District of Columbia during the relevant time period and the acts or omissions that form the basis for claims against Defendants occurred in the District of Columbia.

3. Plaintiffs appropriately gave notice of their intent to file a lawsuit to Defendant Georgetown University Hospital on March 17th, 2016, Defendant MedStar Health on March 17th, 2016, and Defendant Ivica Ducic, M.D. on March 17th, 2016, more than ninety (90) days prior to the filing of this complaint, in compliance with D.C. Code Section 16-2802.

## PARTIES

4. Plaintiffs Antoinette and Lawrence Marzorati are adult residents of the State of New Jersey, residing at 22 Olivia Way, Jackson, NJ 08527.

5. At all times relevant hereto, Defendant MedStar-Georgetown Medical Center was a medical corporation in the business of providing health care services, through its employees, servants and real and/or ostensible agents, to those in need thereof in the District of Columbia.

6. At all times relevant hereto, Defendant MedStar Health, was a medical corporation in the business of providing health care services, through its employees, servants and real and/or ostensible agents, to persons in need thereof in the District of Columbia.

7. At all times relevant hereto, Defendant Ivica Ducic was a physician practicing in the specialty of plastic surgery and peripheral nerve surgery, and at all times relevant hereto was duly licensed in the District of Columbia to provide health care services to persons in need thereof, including Antoinette Marzorati. At all times relevant herein, Ivica Ducic was Chair of the Peripheral Nerve Surgery Institute at Defendant Georgetown University Hospital and an employee, servant and/or real and/or ostensible and/or apparent agent of defendants Georgetown University Hospital and MedStar Health.

**FACTUAL BACKGROUND**

8. After years of experiencing head related pain and searching for remedies for that pain, Antoinette Marzorati sought out another medical option to relieve her pain.

9. Antoinette Marzorati went to Dr. Ivica Ducic and had a consultation with him at his office.

10. During the consultation Ivica Ducic failed to fully, completely, or properly review Antoinette Marzorati's individual and specific medical history.

11. Furthermore, during the consultation Ivica Ducic failed to fully, completely, or properly assess Antoinette Marzorati's individual and particular pain situation.

12. Ivica Ducic recommended that she undergo a bilateral decompression of the dorsal and greater occipital nerves and bilateral transection of the lesser occipital nerves, which is also known as a neurectomy, in order to relieve her persistent headache.

13. During his evaluation of Ms. Marzorati, Ivica Ducic intentionally failed to fully and properly evaluate Mrs. Marzorati's specific medical condition before making a recommendation for surgery.

14. Ivica Ducic failed to obtain informed consent for the occipital neurectomy operation.

15. Ivica Ducic told Antoinette Marzorati that the only disadvantage to performing the occipital neurectomy would be a dime-sized area of numbness behind each ear.

16. Ivica Ducic never informed her that a substantial percentage of patients receiving an occipital neurectomy have severe, intractable, incapacitating pain – a pain far greater than any pain she was feeling prior to the surgery.

17. Dr. Ducic has shown a pattern and practice of failing to evaluate each specific patient and promising his patients that there are no major risks to the procedures that he recommends.

18. If he had informed her of these possible complications, she would not have consented to the procedure.

19. A reasonable patient in the position of Antoinette Marzorati would find the information regarding the possible risks of the occipital nerve transection important to their decision to undergo that procedure.

20. Additionally, a reasonable patient in the position of Antoinette Marzorati would not have elected to go forward with the procedure.

21. On or about January 5, 2008, Ivica Ducic performed a bilateral decompression of the dorsal and greater occipital nerves and transection of the lesser occipital nerves on Antoinette Marzorati.

22. Antoinette Marzorati was a patient under Defendants' care.

23. Prior to the operation, Dr. Ducic advised Antoinette Marzorati that the operation would partially or completely relieve her persistent headache.

24. After the surgery, Antoinette Marzorati was left with severe, untreatable, and disabling pain that has been much worse than the pain prior to the time of surgery.

25. Following the painful complications that manifested after the procedure performed by Dr. Ducic, Mrs. Marzorati had a follow-up examination in April of 2008 with Dr. Ducic to discuss the increased pain.

26. After being told by Mrs. Marzorati that her pain had become worse after his procedure, Dr. Ducic told Mrs. Marzorati that her condition was not unusual and that some people require a second surgery.

27. Based on the increased pain caused by Dr. Ducic's first procedure, Mrs. Marzorati decided against any further procedure.

28. Mrs. Marzorati, however, had no reason to believe that Dr. Ducic's action had been negligent or that he had committed malpractice because he specifically instructed her at the follow-up examination that her new pain was not an unexpected consequence of the first procedure.

29. Mrs. Marzorati did not have notice of wrongdoing on the part of Dr. Ducic or other named parties until approximately March 2016, when she was performing an internet search about Dr. Ducic because of her continuing headache and pain.

30. Upon this search, Mrs. Marzorati discovered a webpage indicating that other people had filed lawsuits against Dr. Ducic and the other Defendants for medical malpractice for surgery similar to what Mrs. Marzorati received from Dr. Ducic and the other Defendants.

31. This was the first time that Mrs. Marzorati had any reason to believe that Dr. Ducic's actions constituted medical negligence or medical malpractice.

32. The webpage was first published on the internet in November of 2014, and was therefore not available for Mrs. Marzorati to discover beforehand.

## **MEDICAL NEGLIGENCE**

33. The foregoing allegations are hereby re-alleged as though fully set forth herein.

34. At all times relevant hereto, Dr. Ducic, and MedStar-Georgetown University Hospital and MedStar Health, acting through their respective employees, servants and real and/or ostensible and/or apparent agents, including, but not limited to, Dr. Ducic, provided medical treatment to Mrs. Marzorati.

35. At all times relevant hereto, Dr. Ducic, and MedStar-Georgetown University Hospital and MedStar Health, acting through their respective employees, servants and real and/or ostensible and/or apparent agents, including, but not limited to, Dr. Ducic, owed Antoinette Marzorati a duty of care in accordance with applicable national standards of care.

36. At all times relevant hereto, Dr. Ducic, and defendants MedStar-Georgetown University Hospital and MedStar Health, acting through their respective employees, servants and real and/or ostensible and/or apparent agents, including, but not limited to, Dr. Ducic, breached their duties to Antoinette Marzorati and applicable standards of care by, *inter alia:*

      a.      Upon information and belief, negligently, intentionally, and willfully failing to inform the Plaintiff of the substantial risk that she could suffer permanent, disabling, untreatable pain;

      b.      Upon information and belief, knowing that a substantial percentage of patients have such a result;

      c.      Upon information and belief, publishing literature that presented results different from the underlying data to attract potential patients throughout the United States;

      d.      Negligence, gross negligence, and reckless and willful misconduct in performing an occipital neurectomy.

      e.      Defendants MedStar-Georgetown University Hospital, MedStar Health, and Ivica Ducic, M.D. were otherwise negligent.

37. Dr. Ducic, and defendants MedStar-Georgetown University Hospital and MedStar Health, acting through their respective employees, servants and real and/or ostensible and/or apparent agents, including, but not limited to, Dr. Ducic, failed to obtain appropriate informed consent.

38. As a direct and proximate result of the aforesaid negligence and failure to provide appropriate informed consent, Antoinette Marzorati is now left with severe, untreatable, and constant pain.

39. Antoinette Marzorati, has suffered damages that are recognized under the District of Columbia law pertaining to medical malpractice actions. Those damages include, but are not limited to, past, present, and future medical and hospital bills; emotional distress; and such other

damages as are recognized under District of Columbia Law pertaining to medical malpractice actions. Antoinette Marzorati has incurred, and will continue to incur, great sums of expenses for the medical care that she will require for the remainder of her life.

40. Additionally, in this case, punitive damages are warranted because the care and treatment by the Dr. Ducic was grossly negligent, and demonstrated willful and reckless indifference to the health and welfare of Antoinette Marzorati.

41. Dr. Ducic has shown a pattern of practice of failing to evaluate potential patients, failing to determine the proper medical treatments for his patients, and failing to provide informed consent, in like manner to his actions towards Antoinette Marzorati.

42. WHEREFORE Antoinette Marzorati demands judgment against Defendants Ivica Ducic, M.D., MedStar-Georgetown Medical Center, Inc. d/b/a Georgetown University Hospital, and MedStar Health, Inc. d/b/a MedStar-Georgetown Medical Center, Inc., d/b/a Georgetown University Hospital for (a) compensatory damages in this medical malpractice action in the full amount of $60,000,000, plus interest and costs incurred; and (b) for punitive damages against defendant Ivica Ducic in this medical malpractice action in the full amount of $10,000,000, plus interest and costs incurred.

## **NEGLIGENCE**

43. The foregoing allegations are hereby re-alleged as though fully set forth herein.

44. MedStar-Georgetown University Hospital and MedStar Health, by and through its agents, employees, and staff were negligent when they failed to act with the prudence that a reasonably careful person or entity would exercise under circumstances similar to those in this case.

45. The negligence of MedStar-Georgetown University Hospital and MedStar Health includes, but is not limited to, the following:

    a. Negligent hiring;

    b. Negligent training;

    c. Negligent supervision; and

    d. Negligent provision of hospital and medical services by its employees.

46. WHEREFORE, Antoinette Marzorati demands judgment against MedStar-Georgetown University Hospital and MedStar Health for compensatory damages in in the full amount of $60,000,000, plus interest and costs incurred.

## LOSS OF CONSORTIUM

47. The foregoing allegations are hereby re-alleged as though fully set forth herein.

48. At the time of the medical negligence set forth in this complaint, the Plaintiffs were married and continue to be married.

49. As a result of the wrongful and negligent acts of the Defendants, Plaintiffs were caused to suffer and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

50. All the aforesaid injuries and damages were caused solely and proximately by the negligence of Defendants.

51. WHEREFORE, Lawrence Marzorati demands judgment against Defendants in the full amount of $10,000,000, plus interest and costs incurred.

## **JURY DEMAND**

Plaintiffs respectfully demand a jury trial.

Date:  January 19, 2017

Respectfully submitted,

/s/ *James C. Bailey*
James C. Bailey (DC # 462391)
BAILEY & EHRENBERG PLLC
1015 18th Street NW
Suite 204
Washington, DC  20036
T:  (202) 331-1331
F:  (202) 318-7071
jcb@becounsel.com

Michael M. Wilson, Esquire (DC # 941674)
Michael M. Wilson & Associates
1120 19th Street, N.W., Suite LL-11
Washington, DC 20036-3642
T: (202) 223-4488
F: (202) 280-1414
wilson@wilsonlaw.com

*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on, January 19, 2017, a copy of the foregoing was served, via the Court's ECF/PACER electronic system, on the following:

        Jeremy R. Krum
        ARMSTRONG, DONOHUE, CEPPOS,
        VAUGHAN & RHOADES
        204 Monroe Street, Suite 101
        Rockville, Maryland 20850

                            /s/ *James C. Bailey*
                            James C. Bailey